IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG T. CONLEY<br>220 Market Avenue South<br>Canton, Ohio 44702 | : <br> : <br> : | CASE NO 5:08 cv 622 |
| Plaintiff | : | |
| vs. | | |
| CLAYTON B. SMITH | : | |
| Defendant | | MOTION TO DISMISS |

Comes now, Clayton B. Smith, in pro se and ask that this Court dismiss the above titled action based on the fact that the Plaintiff has failed to file an action that this Court can grant relief sought, and the Plaintiff is barred from seeking relief herein, and the proceeding in this Court should be dismissed, with cost assessed against Plaintiff.

MOTION

On Aug 10th, 2004 the plaintiff "Conley" filed an action in the State Court under R.C. 2323.52 and moved the court to declare the defendant "Smith" a vexatious litigator. That action was adjudged in favor of Smith. (see attached order).

Specifically, Judge Thomas Patrick Curran found that all of Smith's filings related to his prior criminal conviction, and may be warranted under existing law. On July 26, 2004 Judge Curran signed and Ordered that all briefing and motion practice and briefing "cease" until further advised by the Court. (see attached judgement).

CONCLUSION

The issues in this action are the same as those involved in

a prior action and the decision of the last-named action has settled and determined all the questions of law and facts involved in this action .

The pendency of a prior action in a court of competent jurisdiction predicated on the same cause of action and between the same parties, constitutes good grounds for abatement of a later action within the same jurisdiction either in the same court or in another Court having jurisdiction.

Wherefore, Smith prays that this Court dismiss this action with cost assessed against Conley.

Respectfully submitted,

Clayton B. Smith
FCI Morgantown
PO Box 1000
Morgantown, WV 26507

PROOF OF SERVICE

A copy of this motion to dismiss was served upon Craig T. Conley by mailing a copy to his attorney. That motion was depoisted into the Mail Box for inmates at FCI Morgantown, on this 20th day of March 2008 with pre paid first class postage attached thereto and addressed to:
Robert Cyperski
1201 30th St
Canton, Ohio

DATE 3-20-2008

Clayton B. Smith

IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

| | | |
|---|---|---|
| CRAIG T. CONLEY | ) | CASE NO. 2004 CV 00447 |
| | ) | |
| PLAINTIFF(S), | ) | JUDGE CURRAN |
| | ) | |
| VS. | ) | |
| | ) | JUDGMENT ENTRY |
| CLAYTON B. SMITH | ) | |
| | ) | |
| DEFENDANT(S). | ) | |

This matter is before the Court upon a Motion for Nunc Pro Tunc Judgment Entry filed by the Plaintiff on June 1, 2004. This Court is currently evaluating Plaintiff's Motion for Summary Judgment. In addition, the Court is evaluating, sua sponte, the validity of Plaintiff's complaint under R.C. 2323.52(C).

In the meantime, parties are HEREBY ORDERED to cease briefing and motion practice until further advised by the Court.

IT IS SO ORDERED.

JUDGE CURRAN

cc: Craig T. Conley, Esq.
Clayton B. Smith, Pro Se

Judge Thomas Patrick Curran
Sitting by Assignment
Ohio Const. Art. IV, Sec. 6

IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

| | | |
|---|---|---|
| CRAIG T. CONLEY | ) | CASE NO. 2004 CV 0447 |
| | ) | |
| PLAINTIFF | ) | JUDGE CURRAN |
| | ) | |
| VS. | ) | |
| | ) | JUDGMENT ENTRY |
| CLAYTON B. SMITH | ) | |
| | ) | Judge Thomas Patrick Curran |
| | ) | Sitting by Assignment |
| DEFENDANT | ) | Ohio Const. Art. IV, Sec. 6 |

This matter is before the Court upon Plaintiff's Motion for Summary Judgment filed on May 14, 2004. Plaintiff filed a Supplemental Memorandum on May 17, 2004. Defendant filed his Reply on May 21, 2004. Considering the pleadings, briefs of counsel and other supporting documents most strongly in favor of Defendant, the Court finds the Plaintiff is not entitled to judgment as a matter of law.

Civ.R. 56(C) states that:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

The Ohio Supreme Court has clearly set forth the standard for summary judgment:

The party moving for summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429 citing *Dresher v. Burt* (1966), 75 Ohio St.3d 280.

The underlying facts are as follows. Plaintiff Conley represented Defendant Smith in a prior criminal matter in the Stark County Court of Common Pleas, Case No. 2002CR0215. Defendant Smith then filed a complaint for legal malpractice against Plaintiff Conley in regards to Conley's representation of Smith (Case No. 2003CV02854). The Court granted summary judgment in favor of Conley and denied Smith's motions for relief and reconsideration. The Court further denied Conley's motions for sanctions. Smith filed an appeal of the Court's decision in Case No. 2003CV02854 under Case No. 2004CA00068. Conley filed appeals of the Court's decisions in Case No. 2003CV02854 under Case Nos. 2004CA00110 and 2004CA00116. Smith further filed an appeal of the criminal matter in Case No. 2004CA00089. Most recently, Smith filed a complaint against Gayle Stephonic and Sterne, Agee and Leach SAL, Inc. in Case No. 2004CV01588 based on issues involved in the prior criminal matter.

A recitation of the relevant procedural history is also necessary. Conley filed his motion for summary judgment on May 14, 2004. Conley filed a supplemental memorandum on May 17, 2004. Smith filed his response to the motion for summary judgment on May 21, 2004. Conley filed a motion for leave to file a reply to the motion for summary judgment on May 28, 2004 and motion for nunc pro tunc judgment entry on June 1, 2004. On June 3, 2004, Smith filed a response to the motion for nunc pro tunc judgment entry. Conley filed a motion to strike on June 8, 2004 and two reply memorandums on June 11, 2004. On June 8, June 21, June 29, July 23, and July 26, 2004, Conley filed five supplemental submissions. On July 26, 2004, the Court ordered the parties to cease briefing and motion practice until the Court ruled on the motion for summary judgment.

Based on the above-mentioned cases, Plaintiff moves to have Defendant declared a vexatious litigator pursuant to R.C. 2323.52. A vexatious litigator is defined as:

> any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. R.C. 2323.52(A)(3).

"Vexatious conduct" is defined in R.C. 2323.52(A)(2) as meaning "conduct of a party in a civil action that satisfies any of the following:

> (a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law.
(c) The conduct is imposed solely for delay. See *Castrataro v. Urban*, 155 Ohio App.3d 597, 2003-Ohio-6953 at ¶52-55.

The Court finds that Plaintiff Conley has failed to demonstrate that Defendant Smith's actions as described above meet the standard of "vexatious conduct." The filings of Defendant Smith do not show that he has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in civil actions before this court. Each filing relates to the same factual situation, Smith's prior criminal conviction, and may be warranted under existing law. Further, if the Court simply examines the "number" of filings, Plaintiff and Defendant seem equally vexatious.[1]

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED. Because the Court finds there is insufficient evidence to demonstrate Defendant is a vexatious litigator pursuant to R.C. 2323.52, the Court hereby DISMISSES the above-entitled cause of action. Further, upon the Court's own motion and its inherent authority to manage its docket, the Court hereby DISMISSES Defendant's counterclaims.

IT IS SO ORDERED.

Aug 4, 2004

JUDGE CURRAN

Judge Thomas Patrick Curran
Sitting by Assignment
Ohio Const. Art. IV, Sec. 6

---

[1] The dockets of case nos. 2003CV02854 and 2004CV01588 clearly demonstrate this.

## NOTICE TO THE CLERK -- FINAL APPEALABLE ORDER

The Clerk of Courts shall serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Said notice shall be sent within three days of entering the judgment upon the journal. The Clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket.

JUDGE CURRAN

Judge Thomas Patrick Curran
Sitting by Assignment
Ohio Const. Art. IV, Sec. 6

cc:  CRAIG CONLEY, PRO SE
     CLAYTON B. SMITH, PRO SE