```
           IN THE UNITED STATES DISTRICT
         FOR THE NORTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

| | | |
|---|---|---|
| CRAIG T. CONLEY | : | CASE NO. 5:08 CV 00622 |
| Plaintiff | : | |
| vs. | : | JUDGE: Sara E. Lioi |
| CLAYTON B. SMITH | : | MAGISTRATE: James S. Gallas |
| Defendant | : | |

**MEMORANDUM CONTRA**

Now comes Plaintiff Craig T. Conley ("Conley") by and through counsel, and hereby respectfully submits the following Memorandum in opposition to Defendant Clayton B. Smith's ("Smith") frivolous March 24, 2008 Motion to Dismiss (Docket Document 4).

**MEMORANDUM**

**A.    INTRODUCTION**

On March 12, 2008, Conley, through counsel, filed herein his Complaint for Judicial Declaration and Injunctive Relief ("Complaint"; Docket Document 1), thereby seeking a judicial declaration that Smith is a vexatious litigator and further seeking injunctive relief prohibiting Smith, without prior leave of this

Court, from making any further filings in any Federal fora.

On March 24, 2008, Smith filed the frivolous Motion to Dismiss now *sub judice*.

Although there does not appear to be any factual, legal or procedural basis for Smith's frivolous Motion to Dismiss, Conley hereby timely responds thereto.

B.  **ARGUMENT**

The gravamen of Smith's confusing and disjointed Motion to Dismiss appears to be a *res judicata* argument that a previous State Court O.R.C. 2323.52 action against Smith was supposedly "adjudged in favor of Smith" and that Conley's Complaint in this Court is therefore barred under that doctrine and should be dismissed.

In that regard, based upon the attachments to Smith's Motion, he apparently relies upon Stark County Common Pleas Court Case No. 2004 CV 0447, an O.R.C. 2323.52 vexatious litigator action filed on February 6, 2004 and encaptioned *Craig T. Conley v. Clayton B. Smith*.

In that State Court action, the Trial Court denied Conley's Motion for Summary Judgment and further *sua sponte* dismissed Conley's vexatious litigator action against Smith. (Reference the August 10, 2004 Judgment Entry attached to Smith's Motion.)

Consistent with his usual *modus operandi* of misleading Courts, Smith has failed to mention that the Fifth District Court of Appeals, in Case No. 2004 CA 00285, 2005-Ohio-1433, reversed the

Trial Court's *sua sponte* dismissal of Conley's vexatious litigator action against Smith and remanded the matter back to the Trial Court.

In short, in that prior O.R.C. 2323.52 State Court action (which Conley, following remand, voluntarily dismissed, without prejudice, pursuant to Civ R 41(A)(1)(a)), there simply never was a final decision on the merits.

In sum, *res judicata* is not even arguably applicable here vis-a-vis that prior voluntarily dismissed State Court action, as application of that doctrine requires a final judgment rendered on the merits. (See *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379.)

Further, and, in any event, since that prior voluntarily dismissed State Court action was commenced (over four years ago), Smith's vexatious litigation conduct has not only continued unabated, it has increased exponentially, with new and additional victims (in both State and Federal Courts).

Indeed, on February 22, 2008 (as indicated in Conley's Complaint at paragraph no. 13), the Stark County Court of Common Pleas in Case No. 2007 CV 05220 (an O.R.C. 2323.52 vexatious litigator action encaptioned *Robert H. Cyperski v. Clayton B. Smith*) duly declared Smith a vexatious litigator and enjoined him, without prior leave of Court, from making further filings in various Ohio State Courts; and, it is noteworthy that Smith unsuccessfully made the very same frivolous *res judicata* argument

in that action which he now (again) presents to this Court.

Further, State Court action (or inaction) aside, this Court has inherent authority to enjoin vexatious litigators and/or has statutory authority to do so under the All Writs Act, 28 U.S.C. § 1651(a). (See, e.g., *Sumbry v. Indiana* (2006), U.S. District Court for the Northern District of Ohio Case No. 4:06 CV 1322, a true copy of which Memorandum of Opinion and Order is attached hereto for this Court's convenience and ready reference.)

**C. CONCLUSION**

For the reasons set forth hereinabove, Smith's frivolous Motion to Dismiss, which is but more evidence of his vexatious litigation conduct in this Court (and/or in other Courts), should be denied.

Respectfully submitted,

s/Robert H. Cyperski
ROBERT H. CYPERSKI (##0026054)
Counsel for Plaintiff
1201 - 30th Street N.W.
Suite 102B
Canton, Ohio 44709
330/492-6659
330/492-0943 [Fax]

**PROOF OF SERVICE**

A copy of the Memorandum Contra was served, by regular U.S. Mail this 24th day of March, 2008, upon Defendant Clayton B. Smith (Inmate No. 55059-060), Federal Correctional Institution, P.O. Box 1000, Morgantown, West Virginia 26507-1000.

s/Robert H. Cyperski<br>
ROBERT H. CYPERSKI<br>
Counsel for Plaintiff

Westlaw.

Slip Copy
Slip Copy, 2006 WL 3420206 (N.D.Ohio)
(Cite as: Slip Copy)

Page 1

Sumbry v. Indiana
N.D.Ohio,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Ohio.
Larriante SUMBRY, Plaintiff,
v.
State of INDIANA, et al., Defendants.
No. 4:06 CV 1322.

Nov. 27, 2006.

Larriante Sumbry, Michigan City, IN, pro se.

*MEMORANDUM OF OPINION AND ORDER*

JOHN R. ADAMS, District Judge.
*1 On May 30, 2005, plaintiff *pro se* Larrianté Sumbry filed a pleading entitled "Common Law Writ of Supervisory Control" against the State of Indiana and the Indiana Governor. In the document, Mr. Sumbry asserts that his conviction by an Indiana state court is void and that he is therefore being held hostage by the state of Indiana. He does not specify the relief he seeks.

*Background*

Mr. Sumbry, a proclaimed "Natural Live Freeman," contends he was kidnaped from his Indiana home by the Gary, Indiana police and taken into custody. He was convicted of unspecified charges in an Indiana state court and was sentenced to a term of incarceration. He is currently serving that term of incarceration at the Indiana State Prison. Mr. Sumbry claims the judgement is void "for absence of subject matter jurisdiction, due to no abstract of judgement, entry of judgement, exist in the court file."(Compl. at 1.) He states he, as a "Freeman [,] is being held hostage by th[e] prison system beyond his release date, in violation of ex post facto law as well as treaty obligations."*Id.*

*Analysis*

Review of the complaint indicates that the specific events and omissions of which plaintiff complains occurred in Indiana, where he is currently incarcerated. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As none of the defendants reside in the State of Ohio and all of the events giving rise to this action occurred in Indiana, this court clearly is not the proper venue to hear this matter.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. This court finds that it would not be in the interest of justice to transfer this matter; and this action will, therefore, be dismissed.

Mr. Sumbry has been declared to be a vexatious litigator by the United States Court of Appeals for the Seventh Circuit and is forbidden to file any action in any court in that circuit. *In Re Larrianté J. Sumbry,* No. 02-2565 (7th Cir. Aug. 1, 2002); *Sumbry v. Davis,* No. 03-4332 (7th Cir. Jan. 16, 2004); *Sumbry v. Davis,* No. 03-2937 (7th Cir. March 30, 2004). This court notes that Mr. Sumbry has filed over 45 cases in the United States District Court for the Northern District of Indiana which were dismissed *sua sponte* prior to service, and repeatedly has been fined and sanctioned by the district courts in that Circuit. By Order of the Seventh Circuit, all documents submitted by Mr. Sumbry are to be refused. The Clerk's Office in the Northern District of Indiana is very familiar with Mr.

© 2008 Thomson West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3420206 (N.D.Ohio)
(Cite as: Slip Copy)

Page 2

Sumbry's litigation history and, in accordance with the Order, returns Mr. Sumbry's papers to him unfiled. Mr. Sumbry, however, has discovered a loophole in this arrangement and persists in exploiting the judicial system by filing papers in the district courts of other circuits.[FN1] Those courts, unfamiliar with Mr. Sumbry's proclivities, file his pleadings and open a case. They then rule that venue is improper and transfer the case to the Northern District of Indiana, in effect by-passing the forbidden filer injunction. This court will not aid and abet his efforts to harass the United States District Court for the Northern District of Indiana by following this same pattern. This case will be dismissed.

> FN1. *See Sumbry v. Indiana State Prison,* Case No. 1:06 CV 002 (N. D. Ind. dismissed Jan. 6, 2006)(filed in the Western District of New York); *Sumbry v. Indiana State Prison,* Case No. 2:06 CV 53 (N.D. Ind. dismissed Feb. 16, 2006)(filed in the Middle District of Tennessee); *Sumbry v. State of Indiana,* Case No. 2:06 CV 227 (N.D. Ind. dismissed July 6, 2006)(filed in the Central District of California); *Sumbry v. Indiana State Prison,* Case No. 3:06 CV 91 (N.D. Ind. dismissed Feb. 13, 2006)(filed in the District of Arizona); *Sumbry v. Indiana State Prison,* Case No. 3:06 CV 114 (N.D. Ind. dismissed Feb. 15, 2006)(filed in the District Court for the District of Columbia); *Sumbry v. Indiana State Prison,* Case No. 3:06 CV 332 (N.D. Ind. dismissed May 30, 2006)(filed in the Eastern District of Texas); *Sumbry v. State of Indiana,* Case No. 3:06 CV 440 (N.D. Ind. dismissed July 26, 2006)(filed in the Eastern District of Pennsylvania); *Sumbry v. Indiana State Prison,* Case No. 3:05 CV 759 (N.D. Ind. dismissed Nov. 28, 2005)(filed in the Eastern District of California); *Sumbry v. Davis,* Case No. 3:05 CV 440 (N.D. Ind. dismissed July 27, 2005)(filed in the Eastern District of Virginia); *Sumbry v. Davis,* Case No. 3:05 CV 411 (N.D. Ind. dismissed July 18, 2005)(filed in the District Court for the District of Columbia); *Sumbry v. Davis,* Case No. 3:05 CV 113 (N.D. Ind. dismissed Mar. 7, 2005)(filed in the District of Maryland); *Sumbry v. Davis,* Case No. 3:05 CV 232 (N.D. Ind. dismissed June 10, 2005)(filed in the Northern District of Iowa); *Sumbry v. Davis,* Case No. 3:04 CV 759 (N.D. Ind. dismissed Feb. 1, 2005)(filed in the Southern District of Florida); *Sumbry v. Davis,* Case No. 3:04 CV 439 (N.D. Ind. dismissed July 1, 2004)(filed in the District Court for the District of Columbia); *Sumbry v. Davis,* Case No. 3:04 CV 447 (N.D. Ind. dismissed Nov. 5, 2004)(filed in the Northern District of Oklahoma); *Sumbry v. Davis,* Case No. 2:04 CV 295 (N.D. Ind. dismissed Aug. 2, 2004) (filed in the Southern District of California); *Sumbry v. Davis,* Case No. 1:05 CV 47 (N.D. Ind. dismissed Jan. 26, 2005)(filed in the Middle District of Pennsylvania); *Sumbry v. Indiana State Prison,* Case No. 3:05 CV 759 (N.D. Ind. dismissed Nov. 28, 2005)(filed in the Eastern District of California).

*Injunction*

\*2 Moreover, to prevent further abuse of this court's time and resources, this court will also enjoin Mr. Sumbry. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir.1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons,* 835 F.2d 1145 (6th Cir.1987);

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3420206 (N.D.Ohio)
(Cite as: Slip Copy)

Page 3

*Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).[FN2]

> FN2. Other circuits have endorsed enjoining these types of filers. *See, Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir.1986); *Comer v. Hopkins*, 795 F.2d 900 (10th Cir.1986); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir.1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir.1984); *In re Martin-Trigona*, 763 F.2d 140 (2d Cir.1985); *In re Green*, 669 F.2d 779 (D.C.Cir.1981)(per curiam); *Green v. Warden*, 699 F.2d 364 (7th Cir.1983), *cert. denied*,461 U.S. 960 (1983); *Green v. White*, 616 F.2d 1054 (8th Cir.1980) (per curiam); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir.1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir.1972).

Mr. Sumbry has established a pattern of filing complaints across this country which are patently frivolous and vexatious, and which are clearly calculated to harass the defendants and abuse the judicial process. Accordingly, Larrianté Sumbry is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).

2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient grounds for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

*3 (1) Any document submitted by Mr. Sumbry prior to his obtaining leave to file shall not be filed unless it is *specifically identified* as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion and Order; and, 3) the exhibits required by this Memorandum of Opinion and Order.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Sumbry files, unless and until leave is granted.

## Conclusion

Accordingly, this action will be dismissed pursuant to 28 U.S.C. § 1915(e) and the plaintiff is enjoined from filing any documents without leave of court as

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3420206 (N.D.Ohio)
(Cite as: Slip Copy)

Page 4

provided by the terms of this order. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[FN3]

FN3. 28 U.S.C. § 1915(a)(3) provides:
An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

IT IS SO ORDERED.

N.D.Ohio,2006.
Sumbry v. Indiana
Slip Copy, 2006 WL 3420206 (N.D.Ohio)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.