IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRAIG T. CONLEY : CASE NO. 5: 08 cv 622

      Plaintiff, :

v.

CLAYTON B. SMITH :

                                    SUPP. TO MOTION TO DISMISS

      Defendant, :

---

Comes now, the defendant, Clayton B. Smith in pro se, and adds the following authority to his Motion to Dismiss.

RULE:

Issues previously decided in a judicial or administrative proceeding generally require that a Federal Court give the same preclusive effect as would be given that judgement under the State in which the judgement was rendered. See <u>Rally Hill Prod. Inc. V. Bursack</u>, 65 F3d. 51 (6th Cir. 1995).

ISSUE:

The plaintiff wants the defendant to be declared a vexatious litigator and aside from his own 'self serving' cases cites no others to this court. Under R.C 2323.52 if the conduct is not warranted under existing law and cannot be supported by a good faith arguement, modification, or reversal of an existing law then and only then could vexatious apply. However that simply is not the case here. The issue was litigated and the court found there was insufficient evidence to demonstrate the the same defendant was vexatious based on the same conduct and the same factual situation, his prior criminl ll conviction.

CONCLUSION:

This Court should dismiss this action based on the conclusion of the Order of Aug. 4th, 2008 in the Stark County Court of Common Pleas. See attached.

Respectfully submitted,

*Clayton B. Smith*
Clayton B. Smith
PO BOX 1000
FCI MORGANTOWN
MORGANTOWN, WV 26507

PROOF OF SERVICE

A true copy of this motion to dismiss was served upon Attorney Robert Cyperski representing the plaintiff Craig T. Conley on this 24 day of March, 2008 by placing same into the mail box with pre paid first class postage affixed thereon. : Robert Cyperski 1201 30th Street NW Canton Ohio in the basement 102.

DAte 3-24-2008

*Clayton B. Smith*
Clayton B. Smith

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law.
(c) The conduct is imposed solely for delay. See *Castrataro v. Urban*, 155 Ohio App.3d 597, 2003-Ohio-6953 at ¶52-55.

The Court finds that Plaintiff Conley has failed to demonstrate that Defendant Smith's actions as described above meet the standard of "vexatious conduct." The filings of Defendant Smith do not show that he has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in civil actions before this court. Each filing relates to the same factual situation, Smith's prior criminal conviction, and may be warranted under existing law. Further, if the Court simply examines the "number" of filings, Plaintiff and Defendant seem equally vexatious.'

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED. Because the Court finds there is insufficient evidence to demonstrate Defendant is a vexatious litigator pursuant to R.C. 2323.52, the Court hereby DISMISSES the above-entitled cause of action. Further, upon the Court's own motion and its inherent authority to manage its docket, the Court hereby DISMISSES Defendant's counterclaims.

IT IS SO ORDERED.

Aug 4, 2004

JUDGE CURRAN

**Judge Thomas Patrick Curran
Sitting by Assignment
Ohio Const. Art. IV, Sec. 6**

The dockets of case nos. 2003CV02854 and 2004CV01588 clearly demonstrate this