ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRAIG T. CONLEY, | ) | CASE NO. 5:08CV0622 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>ORDER</u> |
| CLAYTON B. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

The within matter came on for a Case Management Conference ("CMC") on July 11, 2008.

In a complaint filed against defendant Clayton B. Smith, plaintiff Craig T. Conley seeks "a judicial declaration that [Smith] is a vexatious litigator and further seeking injunctive relief prohibiting Smith, without prior leave of this Court, from making any further filings in any Federal fora." Complaint (Doc. 1) at ¶ 1.[1]

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Accordingly, if subject matter jurisdiction does not exist, a federal court cannot adjudicate the action. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Conley's complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction," as required by the federal rules of pleading.

---

[1] The Court notes that Smith filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in a case currently pending before this Court. *See Smith v. State of Ohio*, Case No. 5:06CV2760 (O'Malley, J.).

*See* Fed R. Civ. P. 8(a)(1). It merely states "[v]enue and jurisdiction herein lie with this Court." Doc. 1 at ¶ 4.

The Complaint also fails to set forth the statute or statutes upon which the plaintiff's claims are based. It was accompanied by a Civil Cover Sheet (Doc. 1-2), signed by counsel for plaintiff, which is required by Local Rule 3.13(a) of the Local Rules of the Northern District of Ohio. The Civil Cover Sheet provides in relevant part "Ohio Revised Code Section 2323.52" in response to the request "[c]ite the U.S. Civil Statute under which you are filing." Even assuming the plaintiff is attempting to state a claim based upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, the Act does not grant litigants an absolute right to a legal determination. *See U.S. v. State of Wash.*, 759 F.2d 1353, 1356 (9th Cir.), *cert. denied*, 474 U.S. 994 (1985). The exercise of this Court's jurisdiction pursuant to the Act is a matter committed to the Court's sound discretion. *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962). Similar considerations come into play with requests for injunctive relief.

The Court must also look to whether there is an existing case or controversy. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("The proper inquiry [is] whether a 'controversy' requisite to relief under the Declaratory Judgment Act exist[s] at the time of the hearing on [the claim for declaratory judgment].") Smith stated during the CMC that he has no intention to file or institute any future proceedings against Conley in this Court. "Even when an action presents a live case or controversy at the time of filing, subsequent developments . . . may moot the case." *Midwest Media Property, L.L.C. v. Symmes Tp., Ohio*, 503 F.3d 456, 460 (6th Cir. 2007); *see also Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1452 (10th Cir. 1990) (In determining whether the plaintiff is entitled to declaratory relief, we look beyond the initial controversy which may have

existed at one time; rather, we must decide whether there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.)

Although a district court has the power to dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted, it may not properly do so without giving the plaintiff adequate notice and an opportunity to be heard. *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (citing *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988)); 5B Wright & Miller, *Federal Practice and Procedure* § 1357, at 409 (3d ed. 2004). Accordingly,

Plaintiff shall show cause by filing a memorandum on or before **July 28, 2008**, containing his legal analysis (in a non-conclusory fashion) why this Court should exercise its discretion to render a declaratory judgment in this action and why this case should not be dismissed for failure to comply with the federal rules of pleading.

IT IS SO ORDERED.

| | |
|---|---|
| July 14, 2008 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |