UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG T. CONLEY | ) | Case No. 5:08CV622 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAYTON B. SMITH, | ) | |
| | ) | |
| | ) | ORDER AND DECISION |
| Defendant. | ) | |

This matter is before the Court on consideration of whether it should entertain jurisdiction over Plaintiff's declaratory judgment action under 28 U.S.C. §2201(a). See Doc. 19. The Court has been advised, having reviewed the pleadings, responses, and applicable law. For the reasons stated below, the Court declines to exercise jurisdiction over this matter. Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

## I. FACTS

Plaintiff, Craig T. Conley, an attorney, filed this action for declaratory relief on March 12, 2008. Defendant, Clayton B. Smith, was previously incarcerated in federal prison. It appears from the record that Conley represented Smith in his criminal case. Following Smith's conviction, the parties have battled each other to no end in Ohio's state court system. The state court litigation resulted in an injunction against Smith, labeling him a vexatious litigator and enjoining him from filing in that court without first obtaining leave. Conley now seeks to have

1

Smith labeled a vexatious litigator in this Court and have Smith enjoined from filing anything in any federal court without first obtaining leave.

Smith has not filed anything against Conley in this Court (other than in response to this action).  However, Conley claims that Smith, having been enjoined in state court, will turn to federal court next in order to continue their dispute.  On the other hand, Smith has argued that he has a pending habeas action in federal court which conceivably could be negatively affected by the injunction Conley seeks.

Conley's complaint failed to state the grounds for jurisdiction in this Court.  For that reason, this Court issued to Conley an order to show cause stating his legal analysis as to why this Court should exercise its discretion to render a declaratory judgment and why the case should not be dismissed for Conley's failure to comply with the federal rules.  Doc. 19.  The Court now reviews its jurisdiction.

## II.  LEGAL STANDARD

This Court is one of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  If subject matter jurisdiction is lacking, this Court cannot adjudicate the action.  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).  Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  In that regard, the Declaratory Judgment Act authorizes federal courts to render declaratory relief in cases of "actual controversy."  28 U.S.C. § 2201(a).  The Supreme Court has defined case of actual controversy to mean one that is "definite and concrete, touching the legal relations of parties having adverse legal interests," and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion

2

advising what the law would be upon a hypothetical state of facts."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and quotations omitted).  The Supreme Court has summarized this test as requiring a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

If there is a case of actual controversy the analysis shifts to whether or not the court should exercise its jurisdiction over the action.  "Litigants do not possess an absolute right to bring a lawsuit for declaratory judgment under the Declaratory Judgment Act[.]"  *Global Mfg. Assoc., Inc. v. Avery Outdoors, Inc*., 2008 WL 269088, at *1 (N.D.Ohio, Jan. 29, 2008) (citing *AmSouth Bank v. Dal*e, 386 F.3d 763, 784 (6th Cir. 2004) (quoting *Wilton v. Seven Falls Co*., 515 U.S. 277, 287 (1995))).  "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  *Wilton*, 515 U.S. at 282.

In order to determine whether or not a district court should exercise jurisdiction the Sixth Circuit uses a five factor test.  *AmSouth Bank*, 386 F.3d at 785.  The factors are: "1) whether the judgment would settle the controversy; 2) whether the declaratory judgment action would clarify the legal relations at issue; 3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; 4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and 5) whether there is an alternative remedy that is better or more effective."  *Id.*

### III. ANALYSIS

This Court concludes that the current action for declaratory judgment does not present a case of actual controversy, and thus the Court does not have jurisdiction under 28 U.S.C. §2201. The Declaratory Judgment Act's case of actual controversy requirement necessitates a substantial controversy of immediacy and reality.  Conley brought this action to preempt Smith from filing any litigation in a federal forum.  However, Smith has no pending federal actions against Conley.  Furthermore, Smith has represented in open court that he has no intention of filing anything involving Conley in federal court.  There simply is no actual controversy in this case, only Conley's perception that Smith will eventually seek to litigate their ongoing dispute in federal court.

Furthermore, even if this action did present an actual controversy, the Court would decline to exercise its jurisdiction.  First, a declaratory judgment here would not settle the controversy between the parties.  This dispute has been ongoing for years and has seen a large number of suits and appeals.  Nothing in the record suggests that a declaratory judgment here would bring it to an end.  Rather, the record reflects that if Smith were determined to harass Conley through litigation, he would find a method for doing so.  Second, there are currently no legal relations at issue, and thus a declaratory judgment here would not clarify anything but Smith's future ability to file in federal court.

In analyzing the third factor, "[t]he question is ... whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first." *AmSouth Bank*, 386 F.3d at 789. However, courts have been "reluctant to impute an improper motive where there is no evidence of such in the record."  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 558 (6th Cir. 2008).  The Court notes that the ongoing dispute between the parties is decidedly contentious and has been

4

for a lengthy period of time.  Moreover, Smith has argued that this suit was brought solely to interfere with his pending habeas action.  Given the lack of actual controversy between the parties, Smith's contentions have arguable merit.  However, the Court has no evidence that this was in fact the purpose of filing suit, so it declines to make such a finding.  It is clear that Conley filed in federal court first to preempt any filings by Smith.  To that extent, Conley has engaged in minor procedural fencing.

The fourth step in the analysis does not weigh against jurisdiction because there is no interplay between state and federal courts involved in this matter.  The fifth step does not apply here because there is currently no injury that this Court can remedy; the state court in which much of this dispute has transpired has already issued the remedy that Conley seeks.

Having reviewed Conley's motion in support of exercising jurisdiction, the Court finds it insufficient based upon the above analysis.[1]

## IV. CONCLUSION

Based on the above, Conley's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.


Dated:   March 6, 2009                                      */s/ John R. Adams*
                                                            JUDGE JOHN R. ADAMS
                                                            UNITED STATES DISTRICT JUDGE

---

[1] This Court issued to Mr. Conley an order to show cause stating his legal analysis as to why this Court should exercise its discretion to render a declaratory judgment and why the case should not be dismissed for Mr. Conley's failure to comply with the federal rules.  Doc. 19.  Mr. Conley's answer to the order to show cause merely restates the facts in his complaint, and cites the statutes that could give rise to a federal question.  Doc. 21.  Mr. Conley's answer does not make a legal argument as to why the Court should exercise jurisdiction.

5